IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| HUMANSCALE CORPORATION, | ) | |
| | ) | Case No. 1:13-cv-535 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MASS ENGINEERED DESIGN, INC., et al., | ) | |
| | ) | |
| Defendant | ) | |

**HUMANSCALE'S OPPOSED MOTION TO
COMMENCE THIRD-PARTY DISCOVERY**

Plaintiff Humanscale Corporation (Humanscale) brings this motion to open third-party discovery in order to obtain key evidence regarding the prior art relationship between Defendants and Bloomberg L.P. ("Bloomberg"). The parties have met on conferred and Mass Engineered Design, Inc. indicated that it will oppose this motion.

As stated in Humanscale's Complaint, that evidence forms one of the bases for Humanscale's claim for declaratory judgment of patent invalidity and forms the primary basis of Humanscale's claim for declaratory judgment of patent unenforceability. (*See, e.g.*, Compl. ¶¶ 5, 10-14, 31, 32, 35-37.) While Humanscale has no objection to granting Defendants the 30-day extension of time to respond to the Complaint sought in Defendants' co-pending motion, Humanscale respectfully requests that it be allowed to pursue discovery of this key third-party evidence without delay, in order to ensure that the evidence is preserved for trial and obtained sufficiently in advance of the time for submitting expert reports in this matter.

This is a case for declaratory judgment of patent non-infringement, invalidity, and unenforceability. Defendants originally sued Humanscale and 29 other defendants in November

1

2009 for alleged infringement of U.S. Patent No. Re. 36,978 ("the '978 patent") in a case captioned *Mass Engineered Design, Inc., and Jerry Moscovitch v. 9X Media, Inc., et al.*, No. 2:09-cv-00358 in the U.S. District Court for the Eastern District of Texas. (*See* Compl. ¶¶ 15-20.) The '978 patent generally relates to display stands supporting multiple monitors. Following the Federal Circuit's decision in *In re EMC Corp.*, 677 F.3d 1351 (Fed. Cir. 2012), Humanscale and other defendants in the Texas action moved to sever and dismiss the claims against them as unrelated parties not properly subject to joinder. (*See* Compl. ¶ 21.) Defendants agreed to dismiss the Texas action, and Humanscale filed this declaratory judgment action to resolve the dispute between the parties in the Southern District of New York on August 3, 2012. (*See* Compl. at Intro. & ¶¶ 22, 23.) Defendants moved to dismiss the action in New York based on lack of personal jurisdiction and improper venue, resulting in the case's transfer to this Court. (*See* Doc. Nos. 10, 33.)[1]

Following transfer to this Court, Humanscale agreed not to oppose an extension of the deadline to respond to the Complaint until June 3, 2013. On May 30, 2013, Defendants' newly-retained counsel contacted Humanscale's counsel seeking a further 30-day extension. Humanscale responded that it would not oppose the further extension, but requested that the parties conduct a Rule 26(f) conference by June 21, so that Humanscale could begin the process of obtaining discovery from Bloomberg regarding the prior art materials discussed in the Complaint. Defendants indicated that they would oppose any "early" discovery, that they were evaluating whether or not to file another Rule 12 motion, and that they would not agree to hold a rule 26 conference at this time.

---

[1] Defendants also initially challenged the sufficiency of service of process, but waived that issue at oral argument. (*See* Doc. No. 25 at 1 n.1.)

As expressly plead in the Complaint, the Bloomberg prior art relates to products that Defendants themselves made and sold into this country in the 1993 to 1995 time frame. (*See* Compl. ¶ 11.) Defendants have been aware that the Bloomberg prior art plays a key role in this dispute since at least June 2010, when Humanscale pled patent unenforceability due to Defendants' failure to disclose the Bloomberg prior art as an affirmative defense in the Texas litigation. (*See* Compl. Ex. D ¶¶ 11-15.) To date, Humanscale has been unable to obtain discovery regarding the Bloomberg prior art because neither the Texas action nor the prior proceedings in New York advanced into substantive discovery. Indeed, Humanscale requested discovery into Defendants' relationship with Bloomberg as part of its opposition to Defendants' jurisdictional motion (*see, e.g.*, Doc. No. 24), but the New York court decided the motion on the papers without addressing the issue of discovery.

Because of the location and age of this evidence, along with its importance to the dispute, Humanscale respectfully requests that it be allowed to begin obtaining discovery from Bloomberg and related third parties without further delay. Specifically, Humanscale seeks documents describing the Bloomberg prior art devices, documents establishing the sale and use of those devices in the United States, documents publicly disclosing the features of those devices, and deposition testimony from a corporate representative of Bloomberg and from current and former Bloomberg employees corroborating the structure, function, sale, and use of those prior art devices. Humanscale anticipates that the great majority of the documentary and physical evidence regarding the Bloomberg prior art will be in the possession of Bloomberg in New York. Likewise, Humanscale anticipates that the witnesses with knowledge of the relationship between Defendants and Bloomberg will be found in the New York metropolitan area. Because of the age of these materials, their location outside of this district, and the fact that

they are in the possession of third parties to this lawsuit, Humanscale anticipates that it will take some time to obtain their production and to schedule witness depositions.

Furthermore, Defendants have indicated that they may file another Rule 12 motion, which would be the third in this protracted dispute.  If that happens, the time devoted to motion practice coupled with the extension Defendants currently seek will put extra pressure on the discovery schedule in this case.  Humanscale has no desire to further delay resolution of this dispute.  Allowing Humanscale to pursue discovery from Bloomberg and the Bloomberg witnesses now will help to ensure that any difficulties in obtaining that discovery can be overcome in accordance with the sort of expedited schedule that Humanscale anticipates for a patent dispute before this Court.

| | |
|---|---|
| Dated:  May 31, 2013 | /s/ Frederic. M. Meeker<br>Frederic M. Meeker (VA Bar #34471)<br><br>BANNER & WITCOFF, LTD.<br>1100 13th Street, N.W., Suite 1200<br>Washington, DC 20005-4051<br>Telephone: (202) 824-3000<br>Facsimile: (202) 824-3001<br>fmeeker@bannerwitcoff.com<br>raltherr@bannerwitcoff.com<br><br>Kurt J. Niederluecke (admitted *pro hac vice*)<br>Adam R. Steinert (admitted *pro hac vice*)<br>FREDRIKSON & BYRON, P.A.<br>200 South Sixth Street, Suite 4000<br>Minneapolis, MN  55402-1425<br>Telephone:  612.492.7000<br>Facsimile:  612.492.7077<br>kniederluecke@fredlaw.com<br>asteinert@fredlaw.com<br><br>***Attorneys for Plaintiff Humanscale Corporation*** |

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2013, I will ELECTRONICALLY FILE the foregoing Motion to Commence Third Party Discovery with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Theodore A. Breiner
>Mary J. Breiner
>BREINER & BREINER, L.L.C.
>115 North Henry Street
>Alexandria, Virginia 22314-2903
>tbreiner@bbpatlaw.com
>mbreiner@ppatlaw.com


        /s/ Frederic M. Meeker
Frederic M. Meeker (VA Bar #34471)
BANNER & WITCOFF, LTD.
1100 13th Street, N.W., Suite 1200
Washington, DC 20005-4051
Telephone: (202) 824-3000
Facsimile: (202) 824-3001
fmeeker@bannerwitcoff.com

Attorney for Plaintiff Humanscale Corporation