IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| Humanscale Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:13-cv-00535-CMH-IDD |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| Mass Engineered Design, Inc., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER AND COUNTERCLAIM OF DEFENDANTS
MASS ENGINEERED DESIGN INC. AND JERRY MOSCOVITCH**

Defendants Mass Engineered Design Inc. and Jerry Moscovitch ("Moscovitch") (collectively "MASS") hereby answer Plaintiff Humanscale Corporation's ("Humanscale") Complaint as follows. The captions generally correspond to those of the Complaint for convenience and do not constitute an admission or acquiescence as to their accuracy.

**PARTIES**

1. On information and belief, admitted.

2. Admitted, except that the correct name of Mass Engineered Design Inc. has no comma.

3. Admitted.

**JURISDICTION AND VENUE**

4. MASS admits that Humanscale purports to allege causes of action for a declaratory judgment of non-infringement and patent invalidity. MASS denies that Humanscale

is entitled to any of the relief requested in the Complaint. MASS admits that the Court has jurisdiction over the subject matter of the federal causes of action of the Complaint. The remainder of the allegations of paragraph 4 are denied.

5. Admitted that MASS served Humanscale with a Complaint for patent infringement. The remainder of the allegations of paragraph 5 are denied.

6. Denied.

## FACTS

7. MASS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 and, therefore, paragraph 7 is denied.

8. MASS admits that Mr. Moscovitch is the inventor named on U.S. Patent No. Re. 36,978 entitled, "Dual Display System" ("the '978 patent"), and that the patent and the Complaint speak for themselves.

9. Admitted that Mass Engineered Design Inc. is a Canadian corporation and that Mr. Moscovitch is president and a board member of Mass Engineered Design Inc. The remainder of the allegations of paragraph 9 are denied.

10. Admitted that Mr. Moscovitch and his attorneys complied with the United States Patent Laws in the prosecution of the patent applications leading to the '978 patent, including their duty of disclosure. The remainder of the allegations of paragraph 10 are denied.

11. The allegations of paragraph 11 are indefinite and not comprehensible and, therefore, paragraph 11 is denied.

12. The allegations of paragraph 12 are indefinite and not comprehensible and, therefore, paragraph 12 is denied.

13. Denied that the inventions claimed in claims 16 and 17 of the '978 patent are

anticipated by any prior art, including what Humanscale alleges to be the "Bloomberg prior art." The remainder of the allegations of paragraph 13 are denied.

14. Admitted that Mr. Moscovitch and his counsel complied with the United States Patent Laws in the prosecution of the patent applications leading to the '978 patent, including their duty of disclosure. The remainder of the allegations of paragraph 14 are denied.

15. Admitted that MASS filed a Complaint against Humanscale and others in the United States District Court for the Eastern District of Texas alleging infringement of the '978 patent in a case styled *Mass Engineered Design, Inc. et al. v. 9X Media, Inc. et al.,* Civil Action No. 2-09-cv-358 ("the Texas Litigation") and that the pleadings filed in the Texas Litigation are the best evidence and speak for themselves. The remainder of the allegations of paragraph 15 are denied.

16. Admitted that MASS filed a Complaint against Humanscale and others in the United States District Court for the Eastern District of Texas alleging infringement of the '978 patent in a case styled *Mass Engineered Design, Inc. et al. v. 9X Media, Inc. et al.,* Civil Action No. 2-09-cv-358 and that the pleadings filed in the Texas Litigation are the best evidence and speak for themselves. The remainder of the allegations of paragraph 16 are denied.

17. Admitted that MASS filed a Complaint against Humanscale and others in the United States District Court for the Eastern District of Texas alleging infringement of the '978 patent in a case styled *Mass Engineered Design, Inc. et al. v. 9X Media, Inc. et al.,* Civil Action No. 2-09-cv-358 and that the pleadings filed in the Texas Litigation are the best evidence and speak for themselves. The remainder of the allegations of paragraph 17 are denied.

18. Admitted that MASS filed a Complaint against Humanscale and others in the United States District Court for the Eastern District of Texas alleging infringement of the '978

patent in a case styled *Mass Engineered Design, Inc. et al. v. 9X Media, Inc. et al.,* Civil Action No. 2-09-cv-358 and that the pleadings filed in the Texas Litigation are the best evidence and speak for themselves. The remainder of the allegations of paragraph 18 are denied.

19. Admitted that MASS filed a Complaint against Humanscale and others in the United States District Court for the Eastern District of Texas alleging infringement of the '978 patent in a case styled *Mass Engineered Design, Inc. et al. v. 9X Media, Inc. et al.,* Civil Action No. 2-09-cv-358 and that the pleadings filed in the Texas Litigation are the best evidence and speak for themselves. The remainder of the allegations of paragraph 19 are denied.

20. Admitted that MASS filed a Complaint against Humanscale and others in the United States District Court for the Eastern District of Texas alleging infringement of the '978 patent in a case styled *Mass Engineered Design, Inc. et al. v. 9X Media, Inc. et al.,* Civil Action No. 2-09-cv-358 and that the pleadings filed in the Texas Litigation are the best evidence and speak for themselves. The remainder of the allegations of paragraph 20 are denied.

21. Admitted that MASS filed a Complaint against Humanscale and others in the United States District Court for the Eastern District of Texas alleging infringement of the '978 patent in a case styled *Mass Engineered Design, Inc. et al. v. 9X Media, Inc. et al.,* Civil Action No. 2-09-cv-358 and that the pleadings filed in the Texas Litigation are the best evidence and speak for themselves. The remainder of the allegations of paragraph 21 are denied.

22. Admitted that MASS filed a Complaint against Humanscale and others in the United States District Court for the Eastern District of Texas alleging infringement of the '978 patent in a case styled *Mass Engineered Design, Inc. et al. v. 9X Media, Inc. et al.,* Civil Action No. 2-09-cv-358 and that the pleadings filed in the Texas Litigation are the best evidence and speak for themselves. The remainder of the allegations of paragraph 22 are denied.

23. Admitted that MASS filed a Complaint against Humanscale and others in the United States District Court for the Eastern District of Texas alleging infringement of the '978 patent in a case styled *Mass Engineered Design, Inc. et al. v. 9X Media, Inc. et al.*, Civil Action No. 2-09-cv-358 and that the pleadings filed in the Texas Litigation are the best evidence and speak for themselves. The remainder of the allegations of paragraph 23 are denied.

24. Admitted that an actual controversy exists between MASS and Humanscale as to Humanscale's infringement of the '978 patent. The remainder of the allegations of paragraph 24 are denied.

## COUNT 1

## DECLARATION OF ALLEGED NON-INFRINGEMENT OF THE '978 PATENT

25. MASS repeats and incorporates herein by reference their responses to paragraphs 1-24 of the Complaint.

26. Admitted that an actual controversy exists between MASS and Humanscale with respect to Humanscale's infringement of the '978 patent. The remainder of the allegations of paragraph 26 are denied.

27. Denied.

28. Denied that Humanscale is entitled to any relief requested in the Complaint.

## COUNT 2

## DECLARATION OF ALLEGED INVALIDITY OF THE '978 PATENT

29. MASS repeats and incorporates herein by reference their responses to paragraphs 1-28 of the Complaint.

30. Admitted that an actual controversy exists between MASS and Humanscale with respect to Humanscale's infringement of the '978 patent. The remainder of the allegations of

paragraph 30 are denied.

31. Denied.

32. Denied that Humanscale is entitled to any relief requested in the Complaint.

## COUNT 3

## DECLARATION OF ALLEGED UNENFORCEABILITY OF THE '978 PATENT

33. MASS repeats and incorporates herein by reference their responses to paragraphs 1-32 of the Complaint.

34. Admitted that an actual controversy exists between MASS and Humanscale with respect to Humanscale's infringement of the '978 patent. The remainder of the allegations of paragraph 34 are denied.

35. Denied.

36. Denied.

37. Denied that Humanscale is entitled to any relief requested in the Complaint.

38. MASS denies all allegations in the Complaint not specifically admitted, denied, controverted or otherwise addressed in the above answer.

39. MASS denies that Humanscale is entitled to any relief, including that prayed for, in connection with the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Jurisdiction and/or venue over MASS is improper.

**THIRD DEFENSE**

The Complaint fails to plead the allegations of fraud and inequitable conduct with sufficient particularity as required by law, including Federal Rule of Civil Procedure 9(b).

**FOURTH DEFENSE**

MASS reserves all additional affirmative defenses available to it and which become known as this case proceeds.

WHEREFORE, Mass Engineered Design Inc. and Jerry Moscovitch having fully answered Humanscale's Complaint request that it be dismissed with prejudice, that judgment be entered in their favor and that Mass Engineered Design Inc. and Jerry Moscovitch be awarded their costs and attorney fees herein and such further relief that this Court deems just and proper.

**COUNTERCLAIM**

Counterclaim Plaintiffs Jerry Moscovitch and Mass Engineered Design Inc. for their counterclaim against Counterclaim Defendant Humanscale Corporation ("Humanscale") state as follows:

1. Counterclaim Plaintiff Jerry Moscovitch is an individual residing in the province of Ontario, Canada, and Counterclaim Plaintiff Mass Engineered Design Inc. is a corporation organized and existing under the laws of Ontario, Canada (collectively "MASS").

2. Counterclaim Defendant Humanscale, on information and belief, is a corporation organized and existing under the laws of the State of New York and has a place of business at 11 East 26th Street, 8th Floor, New York, New York 10010.

**JURISDICTION**

3. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35, United States Code. This Court has subject matter jurisdiction pursuant

to 28 U.S.C. §§ 1331 and 1338.

## INFRINGEMENT OF U.S. PATENT NO. Re. 36,978

4. On November 18, 1997, U.S. Patent No. 5,687,939 was duly and legally issued for an invention entitled "Dual Display System." On December 5, 2000, Patent No. 5,687,939 was duly and legally reissued and assigned U.S. Patent No. Re. 36,978 ("the '978 patent"). Jerry Moscovitch is and always has been the sole owner of the '978 patent. Mass Engineered Design Inc. has at all relevant times been the exclusive licensee of the '978 patent.

5. Humanscale has infringed and still is infringing, and willfully infringing, the '978 patent by its making, selling, offering for sale and/or importing display systems, including as sold under the designations M8 with Crossbar; Para/Flex; M/Flex; M7; and M4, that infringe, either directly or indirectly, the patented invention, and Humanscale will continue to do so unless enjoined by the Court.

6. Humanscale has been and still is causing MASS tortious injury by actively inducing said infringement of the '978 patent, and Humanscale knew or should have known that its actions would induce actual infringement of the '978 patent.

7. MASS has placed the required statutory notice on all display systems manufactured and sold under the '978 patent pursuant to 35 U.S.C. § 287.

8. Humanscale's acts of infringement have caused damage to MASS and MASS is entitled to recover from Humanscale's wrongful acts in the amount subject to proof at trial. Humanscale's infringement of MASS' patent rights under the '978 patent will continue to damage them, causing them irreparable harm for which there is no adequate remedy at law, unless enjoined by the Court. Considering the balance of hardships between MASS and Humanscale, a permanent injunction is warranted. The public interest will not be disserved by

entry of such an injunction.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaim Plaintiffs Jerry Moscovitch and Mass Engineered Design Inc. request entry of judgment in their favor and against Counterclaim Defendant Humanscale including the following:

A. A finding that Humanscale has infringed U.S. Patent No. Re. 36,978;

B. A permanent injunction enjoining Humanscale and its respective officers, agents, servants, employees and attorneys, and those acting in active concert or participation with them, from further infringement of U.S. Patent No. Re. 36,978;

C. An award of the damages arising out of Humanscale's infringement of U.S. Patent No. Re. 36,978;

D. A finding that Humanscale's infringement was willful and an award of treble damages pursuant to 35 U.S.C. § 284.

E. A finding that this case is an exceptional case and an award of attorney fees pursuant to 35 U.S.C. § 285 and/or as otherwise permitted by law;

F. An award of pre-judgment and post-judgment interest in amounts according to proof;

G. Costs of Court; and

H. For such other relief as the Court may deem as just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, MASS respectfully requests a trial by jury of all issues so triable.

Dated: June 28, 2013　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　/s/ Theodore A. Breiner
　　　　　　　　　　　　　　　　Theodore A. Breiner (VA Bar No. 20531)
　　　　　　　　　　　　　　　　BREINER & BREINER, L.L.C.
　　　　　　　　　　　　　　　　115 North Henry Street
　　　　　　　　　　　　　　　　Alexandria, Virginia 22314-2903
　　　　　　　　　　　　　　　　Telephone: 703-684-6885
　　　　　　　　　　　　　　　　Facsimile: 703-684-8206
　　　　　　　　　　　　　　　　tbreiner@bbpatlaw.com

　　　　　　　　　　　　　　　　Attorneys for Defendants
　　　　　　　　　　　　　　　　Mass Engineered Design Inc. and
　　　　　　　　　　　　　　　　Jerry Moscovitch

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of June, 2013, I will electronically file the foregoing ANSWER AND COUNTERCLAIM OF DEFENDANTS MASS ENGINEERED DESIGN INC. AND JERRY MOSCOVITCH with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Frederic M. Meeker
BANNER & WITCOFF LTD. (DC)
1100 13th Street NW, Suite 1200
Washington, DC 20005-4051
fmeeker@bannerwitcoff.com

Adam Roger Steinert
Kurt Niederluecke
FREDRIKSON & BYRON P.A.
200 South Sixth Street, Suite 4000
Minneapolis, Minnesota 55402

Jason Charkow
Scott Richard Samay
WINSTON & STRAWN, LLP
200 Park Avenue
New York, New York 10166
jcharkow@winston.com

    /s/ Theodore A. Breiner
Theodore A. Breiner (VA Bar No. 20531)
BREINER & BREINER, L.L.C.
115 North Henry Street
Alexandria, Virginia 22314-2903
Telephone: 703-684-6885
Facsimile: 703-684-8206
tbreiner@bbpatlaw.com

Attorneys for Defendants
Mass Engineered Design Inc. and
Jerry Moscovitch