UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| HUMANSCALE CORPORATION, )<br><br>Plaintiff, )<br><br>v. )<br><br>MASS ENGINEERED DESIGN, INC., et al., )<br><br>Defendants. ) | Case No. 1:13-cv-535 CMH/IDD |

## COUNTERCLAIM ANSWER

For its Answer to Defendants Jerry Moscovitch and Mass Engineered Design Inc.'s (collectively, "Defendants") Counterclaim, Plaintiff Humanscale Corporation ("Humanscale") states and alleges as follows:

1.     Humanscale is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Counterclaim and therefore denies those allegations.

2.     Humanscale admits the factual allegations contained in Paragraph 2 of the Counterclaim.

3.     Humanscale admits the factual allegations contained in Paragraph 3 of the Counterclaim.

4.     In response to Paragraph 4 of the Counterclaim, Humanscale admits, upon information and belief, that Defendant Jerry Moscovitch is the named inventor of U.S. Patent No. Re. 36,978 ("the '978 patent").  Humanscale states that the '978 patent speaks for itself.

Humanscale is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 4 of the Counterclaim and therefore denies those allegations.

5.      Humanscale admits that it sells or has sold monitor arms under the product names M8 with Crossbar, Para/Flex, M/Flex, M7, and M4.  Humanscale otherwise denies the factual allegations contained in Paragraph 5 of the Counterclaim.

6.      Humanscale denies the factual allegations contained in Paragraph 6 of the Counterclaim.

7.      Humanscale is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Counterclaim and therefore denies those allegations.

8.      Humanscale denies the factual allegations contained in Paragraph 8 of the Counterclaim.

Humanscale denies that Defendants are entitled to any relief, including that prayed for, in connection with the Counterclaim.  To the extent that any allegations of the Counterclaim have not been previously specifically admitted or denied, Humanscale denies them.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof which would otherwise reside with Defendants, Humanscale asserts the following defenses, reserving the right to modify, amend, and/or expand upon these as discovery proceeds.

FIRST AFFIRMATIVE DEFENSE:

1.      Humanscale does not and has not directly or indirectly infringed any claim of the '978 patent, either literally or under the doctrine of equivalents.

- 2 -

SECOND AFFIRMATIVE DEFENSE:

2.       Each claim of the '978 patent is invalid for failing to comply with the conditions and requirements for patentability set forth in one or more sections of Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 102 ,103, 112 and/or 251.

THIRD AFFIRMATIVE DEFENSE:

3.       The claims of the '978 patent are unenforceable due to inequitable conduct and/or fraud on the Patent Office.  During the prosecution of the application that resulted in U.S. Patent No. 5,687,939 ("the '158 application"), the named inventor and his patent attorneys, individually or together, knew prior to the filing of the '158 application of material information which a reasonably competent patent examiner would have considered relevant to the question of patentability of one or more claims of the '978 reissue patent and intentionally and deceptively withheld such information from the patent examiner in violation of the acknowledged duty of candor and good faith to the Patent Office.

4.       Specifically, in a declaration filed in the application that resulted in the issuance of the '978 patent, Mr. Moscovitch acknowledged that he and his attorney were aware of certain material prior art prior to the filing of both the '158 application and the application that resulted in '978 patent ("the '193 application").  Mr. Moscovitch did not provide this art to the patent examiner during the prosecution of the '158 application, nor did he do so in connection with the '193 application.

5.       Mr. Moscovitch and/or his patent attorneys intentionally and deceptively withheld the prior art referred to by Mr. Moscovitch in his declaration from the patent examiner in each application in violation of the duty of candor and good faith, including but not limited to the following prior art.

6.     On information and belief, Mr. Moscovitch and/or his attorneys failed to disclose or provide to the Patent Office the EDI Industries, Ltd., Electrohome Electronics ("Electrohome"), and Bloomberg L.P. ("Bloomberg") prior art public uses, publications, offers for sale and sales of the LCD Dual Monitor Assembly, also known as the Bloomberg Terminal.

7.     On information and belief, Defendants had manufactured, offered for sale and sold to Electrohome and/or Bloomberg between 1993 and April 25, 1995, dual display systems incorporating the invention claimed in the '978 patent, knowing Bloomberg intended to publish, use and sell these systems to its customers in the United States and elsewhere.

8.     In an effort to deceive the Patent Office, neither Mr. Moscovitch nor his attorneys disclosed to the Patent Office these prior art public uses, publications, offers for sale and sales of the LCD Dual Monitor Assembly.

9.     On information and belief, Mr. Moscovitch did not himself solely invent the subject matter claimed in the '978 patent; rather others including but not limited to Bloomberg, Sean Roarty, and Michael Bloomberg invented in part or in whole the subject matter claimed and disclosed such inventions to Mr. Moscovitch.

10.    Notwithstanding Mr. Moscovitch's knowledge that he did not invent all of the claimed subject matter, Mr. Moscovitch declared with deceptive intent to the Patent Office on or about October 1, 1998, that he was the original and sole inventor of the invention claimed in the '939 patent and for which he sought issuance of '978 patent claims 16 and 17.

FOURTH AFFIRMATIVE DEFENSE:

11.    Humanscale reserves all defenses under the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

Respectfully submitted,

Dated:  July 22, 2013

                                             /s/
_____

Frederic M. Meeker (VA Bar #34471)
BANNER & WITCOFF, LTD.
1100 13th Street, N.W., Suite 1200
Washington, DC 20005-4051
Telephone: (202) 824-3000
Facsimile: (202) 824-3001
fmeeker@bannerwitcoff.com

Kurt J. Niederluecke (admitted *pro hac vice*)
Adam R. Steinert (admitted *pro hac vice*)
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN  55402-1425
Telephone:  612.492.7000
Facsimile:  612.492.7077
kniederluecke@fredlaw.com
asteinert@fredlaw.com

***Attorneys for Plaintiff Humanscale Corporation***

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2013, I will ELECTRONICALLY FILE the foregoing COUNTERCLAIM ANSWER with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

> Theodore A. Breiner
> BREINER & BREINER, L.L.C.
> 115 North Henry Street
> Alexandria, Virginia 22314-2903
> tbreiner@bbpatlaw.com

> _____/s/_____
> Frederic M. Meeker (VA Bar #34471)
> BANNER & WITCOFF, LTD.
> 1100 13th Street, N.W., Suite 1200
> Washington, DC 20005-4051
> Telephone: (202) 824-3000
> Facsimile: (202) 824-3001
> fmeeker@bannerwitcoff.com

> Attorney for Plaintiff Humanscale Corporation