IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| HUMANSCALE CORPORATION, | ) |
| | ) Case No. 1:13-cv-535 |
| Plaintiff, | ) |
| v. | ) |
| MASS ENGINEERED DESIGN, INC., et al., | ) |
| Defendant | ) |

**PLAINTIFF AND DEFENDANTS' AMENDED JOINT PROPOSED DISCOVERY PLAN**

Plaintiff Humanscale Corporation ("Humanscale") and Defendants Mass Engineered Design, Inc. ("Mass") and Jerry Moscovitch ("Moscovitch") (collectively, "Defendants") submit this Discovery Plan pursuant to Federal Rule of Civil Procedure 16(b) and the Court's Order dated July 18, 2013. The parties are in agreement as to all aspects of the Discovery Plan.

**I. PROTECTIVE ORDER**

The parties shall submit a stipulated protective order to the Court by August 2, 2013, or, should they fail to agree, by that date they shall file any motions for entry of a protective order, which shall be noticed for hearing no later than August 9, 2013. Prior to the entry of a protective order, documents and information produced shall be treated on an outside counsel eyes only basis.

**II. INITIAL DISCLOSURES OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS**

The Parties' Rule 26(a)(1) disclosures shall be augmented as follows:

A. The parties shall serve their Rule 26(a)(1) disclosures by August 9, 2013, and in accordance with the Federal Rules of Civil Procedure.

B. By August 26, 2013, any Party asserting patent infringement shall serve an "Initial Disclosure of Asserted Claims and Infringement Contentions" that identifies separately, and as specifically as possible, the following information:

    a. A claim chart identifying specifically where each limitation of each asserted claim is found within each accused product or method, including for each limitation that the party contends is governed by 35 U.S.C. § 112(6) (means-plus-function), the identity of the structure(s), act(s), or material(s) in the accused product or method that corresponds to the structure, act, or material identified in the patent specification that performs the claimed function;

    b. Whether each limitation of each asserted claim is claimed to be infringed literally or under the doctrine of equivalents; and

    c. Whether each claim is asserted to be infringed directly or indirectly, and if indirectly, a statement of the specific bases for such contention, including at least the category of person(s) (e.g., re-sellers, customers and/or end-users) who are contended to directly infringe.

C. Any Party accused of infringement shall, by September 13, 2013, serve its "Preliminary Invalidity Contentions", which must identify as specifically as possible the following:

    a. Each item of prior art that the Party accused of infringement contends anticipates each asserted claim of each asserted Patent;

  **b.** Each item of prior art or combination of prior art that the Party accused of infringement contends renders each asserted claim of each asserted Patent obvious and the bases for the contention of obviousness, including the bases for combining different references;

  **c.** A claim chart that compares each item of allegedly invalidating prior art to each asserted claim on a claim-limitation-by-claim-limitation basis. Where the Party accused of infringement contends that a claim element is governed by 35 U.S.C. § 112(6), the Party accused of infringement shall identify the structure(s), act(s), or material(s) in each item of prior art that corresponds to the structure, act, or material identified in the patent specification that performs the claimed function;

  **d.** An explanation of how each piece of prior art qualifies as prior art under 35 U.S.C. § 102;

  **e.** Any grounds of invalidity for any of the asserted claims of the asserted Patent based on indefiniteness under 35 U.S.C. § 112(2), or enablement or written description under 35 U.S.C. § 112(1) and a statement of the specific bases for such contention; and

  **f.** Any other grounds for invalidity, including as alleged in the Complaint under 35 U.S.C. §§ 101 and 251, and the specific factual and legal bases therefor.

 **D.** The foregoing disclosure requirements do not limit the Parties' rights to initiate or oppose discovery, nor limit their rights to timely supplement or otherwise

amend their disclosures for cause shown based on discovery. To the extent that pending discovery requests call for disclosure of information required by either the "Initial Disclosure of Asserted Claims and Infringement Contentions" or the "Preliminary Invalidity Contentions," the due dates for the corresponding discovery responses shall be deemed adjusted to the applicable dates for the "Initial Disclosure of Asserted Claims and Infringement Contentions" or the "Preliminary Invalidity Contentions."

### III. AMENDMENT OF PLEADINGS

Amendments to the pleadings shall be governed by Fed. R. Civ. P. 15.

### IV. DISCOVERY LIMITS

The Parties jointly propose to the Court the pretrial schedule hereto, for incorporation into an agreed scheduling order if the Court so approves.

**A.** Fact Discovery and Case Schedule: All fact discovery will be completed by November 15, 2013.

**B.** Expert Disclosures: The Parties shall serve expert disclosures required by Fed. R. Civ. P. 26(a)(2) on all issues on which they bear the burden of proof by October 11, 2013. The opposing parties shall serve Fed. R. Civ. P. 26(a)(2) expert disclosures in response by November 1, 2013.

**C.** Expert Discovery: All expert discovery will be completed by November 15, 2013. Each Party or group of Parties will have seven hours to depose each of the opposing side's designated experts.

**D.** Estimated Trial Time: The Parties anticipate that the trial will last approximately 5 to 7 days. The Parties do not agree to proceed to trial before a Magistrate Judge. A jury trial has been demanded on all issues triable by a jury.

**E.** Service of Pleadings, Motions, Other Papers, and Discovery Requests and Responses: All pleadings, motions, discovery requests, and other papers that are filed or served are to be served electronically as provided by the Federal Rules and local rules. In addition, the Parties agree that they may serve by e-mail all other court submissions, discovery requests and written responses, and other papers that are not filed. The serving Party shall attach the pleading or paper in "Portable Document Format" (.pdf) or other form of electronic file; if transmission of voluminous materials (such as a compendium of attachments or transcripts) as an e-mail attachment is impractical, then those materials may be served by a File Transfer Protocol (FTP) server or by overnight delivery via service with the ability to track deliveries and verify receipt. This provision does not alter any ECF or other filing deadlines set by Court rule or order.

**F.** Changes in Limitations on Discovery:

**1.** With respect to discovery in this case, the parties agree to abide by the Federal Rules of Civil Procedure, the Court's Local Rules and the Court's Order dated July 18, 2013.

**2.** Documents Produced in Prior Litigations: The parties agree that all documents produced by Mass or Moscovitch in <u>Mass Engineered Design, Inc. v. Ergotron, Inc.</u>, Case No. 2:2006cv00272 (E.D. Tex.) shall be deemed produced in and subject to the Protective Order in this litigation. Such documents are currently

in the possession of Humanscale's counsel. Humanscale's counsel shall provide Mass and Moscovitch's counsel with disks containing such documents.

    **3.**    Expert Documents: Materials, communications and other information exempt from discovery under Fed R. Civ. P. 26(b)(3) and 26(b)(4) shall be treated as attorney work product and need not be logged on a privilege log.

    **4.**    Advice of Counsel: If a Party accused of infringement intends to assert advice of counsel in its defense to an allegation of willful infringement, it must disclose that by October 11, 2013, and produce all relevant documents within the scope of any waiver.

    **5.**    Electronic Discovery: Production of Electronically Stored Information ("ESI") responsive to discovery requests propounded by another Party shall be governed by, and in accordance with, the procedures set forth in the ESI Order. The Parties shall meet and confer regarding the terms of the ESI Order. The Parties shall submit a stipulated ESI Order to the Court by August 2, 2013, or, should they fail to agree, by that date they shall file any motions for entry of an ESI Order, which shall be noticed for hearing no later than August 9, 2013.

    **6.**    Non-Party Documents: Within five business days of receipt of documents subpoenaed from a non-party, the receiving Party will either produce those documents to all other Parties or otherwise make them available for inspection and copying, the copying expense to be borne by the other Parties.

## V. CLAIM CONSTRUCTION

By September 4, 2013, the Parties shall serve lists identifying claim terms for construction. By September 11, 2013, the Parties shall exchange proposed constructions of the claim terms exchanged, and the Parties shall meet and confer by September 13, 2013, to discuss these constructions. By September 20, 2013, the Parties shall file and serve their opening claim construction briefs. By September 27, 2013, the Parties shall file and serve their responsive claim construction briefs. The Parties respectfully request that the Court schedule a *Markman* hearing on claim construction to be argued by counsel as soon after September 27, 2013, as practical, in order that a claim construction may be rendered by the Court prior to the opening expert reports due on October 11, 2013.

## VI. MODIFICATION OF THIS PLAN

The Parties may modify this Discovery Plan only by written agreement or by Order of the Court and only to the extent such agreement does not conflict with any other Order of the Court.

SEEN AND AGREED:

Dated: August 2, 2013         /s/ Frederic M. Meeker
                              Frederic M. Meeker (VA Bar # 34471)
                              **BANNER & WITCOFF, LTD.**
                              1100 13th Street, NW, Suite 1200
                              Washington, DC 20005-4051
                              Telephone: 202.824.3000
                              Facsimile: 202.824.3001
                              fmeeker@bannerwitcoff.com

        Kurt J. Niederluecke
Adam R. Steinert
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425
Telephone: 612.492.7000
Facsimile: 612.492.7077
kniederluecke@fredlaw.com
asteinert@fredlaw.com

*Attorneys for Humanscale Corporation*

Dated: August 2, 2013      /s/ Theodore A. Breiner
Theodore A. Breiner (VA Bar # 20531)
**BREINER & BREINER, L.L.C.**
115 North Henry Street
Alexandria, VA 22314-2903
Telephone: 703.684.6885
Facsimile: 703.684.8206
tbreiner@bbpatlaw.com

*Attorneys for Mass Engineered Design, Inc. and Jerry Moscovitch*

- 8 -

| **PROPOSED CASE SCHEDULE** ||
| :---: | :---: |
| <u>EVENT</u> | <u>DATE</u> |
| Initial Pretrial Scheduling Conference | July 31, 2013 |
| Protective Order (Stipulated or by Motion) | August 2, 2013 |
| ESI Order | August 2, 2013 |
| Rule 26(a)(1) Initial Disclosure | August 9, 2013 |
| Hearing on Protective Order or ESI Order (if needed) | August 9, 2013 |
| Initial Disclosure of Asserted Claims and Infringement Contentions | August 26, 2013 |
| Amended Pleadings | Governed by Rule 15 |
| Exchange List of Terms to be Construed | September 4, 2013 |
| Exchange Constructions of Terms to be Construed | September 11, 2013 |
| Preliminary Invalidity Contentions | September 13, 2013 |
| Meet and Confer Concerning Claim Terms | September 13, 2013 |
| Opening Claim Construction Briefs | September 20, 2013 |

| Responsive Claim Construction Briefs | September 27, 2013 |
|---|---|
| *Markman* Hearing | To be Scheduled by the Court |
| Deadline to Waive Privilege in Defense of Willfulness, Production of Documents within Scope of Waiver | October 11, 2013 |
| Expert Disclosures for Party with Burden | October 11, 2013 |
| Responsive Expert Disclosures | November 1, 2013 |
| Fact and Expert Discovery Completion | November 15, 2013 |
| Final Pretrial Conference, Exhibit Lists and Witness Lists to be Filed and Served | November 21, 2013, at 10:00 a.m. |
| Trial (Estimated at Five – Seven Days) | To be Scheduled by the Court |

**CERTIFICATE OF SERVICE**

I hereby certify that on August 2, 2013, I will ELECTRONICALLY FILE the foregoing PLAINTIFF AND DEFENDANTS' JOINT PROPOSED DISCOVERY PLAN with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Theodore A. Breiner
>BREINER & BREINER, L.L.C.
>115 North Henry Street
>Alexandria, Virginia 22314-2903
>tbreiner@bbpatlaw.com

>/s/ Frederic M. Meeker
>Frederic M. Meeker (VA Bar # 34471)
>BANNER & WITCOFF, LTD.
>1100 13th Street, N.W., Suite 1200
>Washington, DC 20005-4051
>Telephone: (202) 824-3000
>Facsimile: (202) 824-3001
>fmeeker@bannerwitcoff.com
>
>Attorney for Plaintiff Humanscale Corporation