IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| Humanscale Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:13-cv-00535-CMH-IDD |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| Mass Engineered Design, Inc., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MASS ENGINEERED DESIGN INC. AND JERRY MOSCOVITCH'S FIRST AMENDED COUNTERCLAIMS

Pursuant to Fed. R. Civ. P. 15(a)(1) and the Court's Scheduling Order, Defendants Mass Engineered Design Inc. and Jerry Moscovitch ("Moscovitch") (collectively "MASS") hereby assert the their First Amended Counterclaims against Plaintiff/Counter-Defendant Humanscale Corporation, as follows:

### COUNTERCLAIMS

1. Counterclaim Plaintiff Jerry Moscovitch is an individual residing in the province of Ontario, Canada, and Counterclaim Plaintiff Mass Engineered Design Inc. is a corporation organized and existing under the laws of Ontario, Canada.

2. Counterclaim Defendant Humanscale Corporation ("Humanscale"), on information and belief, is a corporation organized and existing under the laws of the State of New York and has a place of business at 11 East 26th Street, 8th Floor, New York, New York 10010.

## JURISDICTION

3. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35, United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. RE 36,978

4. On November 18, 1997, U.S. Patent No. 5,687,939 was duly and legally issued for an invention entitled "Dual Display System." On December 5, 2000, Patent No. 5,687,939 was duly and legally reissued and assigned U.S. Patent No. Re. 36,978 ("the '978 patent"). Jerry Moscovitch is and always has been the sole owner of the '978 patent. Mass Engineered Design Inc. has at all relevant times been the exclusive licensee of the '978 patent.

5. Humanscale has infringed and still is infringing, and willfully infringing, the '978 patent by its making, selling, offering for sale and/or importing display systems, including as sold under the designations M8 with Crossbar; Para/Flex; M/Flex; M7; and M4, that infringe, either directly or indirectly, the patented invention, and Humanscale will continue to do so unless enjoined by the Court.

6. On information and belief, Humanscale has had at least constructive notice of the '978 patent pursuant to the Patent Act. MASS reserves the right to take discovery regarding Humanscale's first actual notice of the '978 patent. At a minimum, Humanscale's ongoing infringement of the '978 patent since receiving notice of the '978 patent, at a minimum via the notice provided by the Complaint filed by MASS on November, 12, 2009 in the Eastern District of Texas (Case No. 2:09-cv-0359), is willful, including because Humanscale's infringement is clear and, at a minimum, such infringement is an objectively reckless act.

7.  Moreover, on information and belief, Humanscale has been and now is indirectly infringing by way of intentionally inducing infringement of the '978 patent in this judicial district, and elsewhere in the United States, including by aiding or abetting re-sellers to sell and/or offer for sale infringing products and/or customers and/or users to use infringing products. Upon information and belief, such induced infringement has occurred at least since Humanscale became aware of the '978 patent at least through the filing of its Complaint.

8.  MASS has placed the required statutory notice on all display systems manufactured and sold by MASS under the '978 patent pursuant to 35 U.S.C. § 287.

9.  Humanscale's acts of infringement have caused damage to MASS and MASS is entitled to recover from Humanscale's wrongful acts in the amount subject to proof at trial. Humanscale's infringement of MASS' patent rights under the '978 patent will continue to damage them, causing them irreparable harm for which there is no adequate remedy at law, unless enjoined by the Court. Considering the balance of hardships between MASS and Humanscale, a permanent injunction is warranted. The public interest will not be disserved by entry of such an injunction.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. RE 42,091

10. On January 29, 2004, U.S. Patent No. 6,343,006 was duly and legally issued for an invention entitled "Computer Display Screen System and Adjustable Screen Mount, and Swinging Screens Therefor." On February 1, 2011, Patent No. 6,343,006 was duly and legally reissued and assigned U.S. Patent No. RE 42,091 ("the '091 patent"). Jerry Moscovitch is and always has been the sole owner of the '091 patent. Mass Engineered Design Inc. is and has at all relevant times been the exclusive licensee of the '091 patent.

11. Humanscale has infringed and still is infringing, and willfully infringing, the '091 patent by its making, selling, offering for sale and/or importing display systems, including as sold under the designations M/Flex and M7, that infringe, either directly or indirectly, the patented invention, and Humanscale will continue to do so unless enjoined by the Court.

12. On information and belief, Humanscale has had at least constructive notice of the '091 patent pursuant to the Patent Act. MASS reserves the right to take discovery regarding Humanscale's first actual notice of the '091 patent. On information and belief, it is highly likely that Humanscale became aware of the '091 patent at least during prior litigation involving the '978 patent. At a minimum, Humanscale's ongoing infringement of the '091 patent since receiving notice of the '091 patent, at a minimum via the notice provided by these Counterclaims, is willful, including because Humanscale's infringement is clear and, at a minimum, such infringement is an objectively reckless act.

13. Moreover, on information and belief, Humanscale has been and now is indirectly infringing by way of intentionally inducing infringement of the '091 patent in this judicial district, and elsewhere in the United States, including by aiding or abetting re-sellers to sell and/or offer for sale infringing products and/or customers and/or users to use infringing products. Upon information and belief, such induced infringement has occurred at least since Humanscale became aware of the '091 patent at least through the filing of MASS's counterclaims.

14. Humanscale's acts of infringement have caused damage to MASS and MASS is entitled to recover from Humanscale's wrongful acts in the amount subject to proof at trial. Humanscale's infringement of MASS' patent rights under the '091 patent will continue to damage them, causing them irreparable harm for which there is no adequate remedy at law,

unless enjoined by the Court. Considering the balance of hardships between MASS and Humanscale, a permanent injunction is warranted. The public interest will not be disserved by entry of such an injunction.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 8,102,331

15. On January 24, 2012, U.S. Patent No. 8,102,331 (the "'331 patent") was duly and legally issued for an invention entitled "Horizontal Three Screen LCD Display System." Jerry Moscovitch is and always has been the sole owner of the '331 patent. Mass Engineered Design Inc. is and has at all relevant times been the exclusive licensee of the '331 patent.

16. Humanscale has infringed and still is infringing, and willfully infringing, the '331 patent by its making, selling, offering for sale and/or importing display systems, including as sold under the designations Para/Flex that infringe, either directly or indirectly, the patented invention, and Humanscale will continue to do so unless enjoined by the Court.

17. On information and belief, Humanscale has had at least constructive notice of the '331 patent pursuant to the Patent Act. MASS reserves the right to take discovery regarding Humanscale's first actual notice of the '331 patent. On information and belief, it is highly likely that Humanscale became aware of the '331 patent at least during prior litigation involving the '978 patent. At a minimum, Humanscale's ongoing infringement of the '091 patent since receiving notice of the '331 patent, at a minimum via the notice provided by these Counterclaims, is willful, including because Humanscale's infringement is clear and, at a minimum, such infringement is an objectively reckless act.

18. On information and belief, Humanscale has been and now is indirectly infringing by way of intentionally inducing infringement of the '331 patent in this judicial

5

district, and elsewhere in the United States, including by aiding or abetting re-sellers to sell and/or offer for sale infringing products and/or customers and/or users to use infringing products. Upon information and belief, such induced infringement has occurred at least since Humanscale became aware of the '331 patent at least through the filing of MASS's counterclaims.

19. Humanscale's acts of infringement have caused damage to MASS and MASS is entitled to recover from Humanscale's wrongful acts in the amount subject to proof at trial. Humanscale's infringement of MASS's patent rights under the '331 patent will continue to damage them, causing them irreparable harm for which there is no adequate remedy at law, unless enjoined by the Court. Considering the balance of hardships between MASS and Humanscale, a permanent injunction is warranted. The public interest will not be disserved by entry of such an injunction.

## COUNT IV
## INFRINGEMENT OF U.S. PATENT NO. 8,462,103

20. On June 11, 2013, U.S. Patent No. 8,462,103 (the "'103 patent") was duly and legally issued for an invention entitled "Computer Display Screen System and Adjustable Screen Mount, and Swinging Screens Therefor." Jerry Moscovitch is and always has been the sole owner of the '103 patent. Mass Engineered Design Inc. has at all relevant times been the exclusive licensee of the '103 patent.

21. Humanscale has infringed and still is infringing, and willfully infringing, the '103 patent by its making, selling, offering for sale and/or importing display systems, including as sold under the designations M/Flex; M7; and M4, that infringe, either directly or indirectly, the patented invention, and Humanscale will continue to do so unless enjoined by the Court.

22. On information and belief, Humanscale has had at least constructive notice of

the '103 patent pursuant to the Patent Act. MASS reserves the right to take discovery regarding Humanscale's first actual notice of the '103 patent. At a minimum, Humanscale's ongoing infringement of the '103 patent since receiving notice of the '103 patent, at a minimum via the notice provided by these Counterclaims, is willful, including because Humanscale's infringement is clear and, at a minimum, such infringement is an objectively reckless act.

23. Moreover, on information and belief, Humanscale has been and now is indirectly infringing by way of intentionally inducing infringement of the '103 patent in this judicial district, and elsewhere in the United States, including by aiding or abetting re-sellers to sell and/or offer for sale infringing products and/or customers and/or users to use infringing products. Upon information and belief, such induced infringement has occurred at least since Humanscale became aware of the '103 patent at least through the filing of MASS's counterclaims.

24. Humanscale's acts of infringement have caused damage to MASS and MASS is entitled to recover from Humanscale's wrongful acts in the amount subject to proof at trial. Humanscale's infringement of MASS' patent rights under the '103 patent will continue to damage them, causing them irreparable harm for which there is no adequate remedy at law, unless enjoined by the Court. Considering the balance of hardships between MASS and Humanscale, a permanent injunction is warranted. The public interest will not be disserved by entry of such an injunction.

**PRAYER FOR RELIEF**

WHEREFORE, Counterclaim Plaintiffs Jerry Moscovitch and Mass Engineered Design Inc. request entry of judgment in their favor and against Counterclaim Defendant Humanscale including the following:

      A.     A finding that Humanscale has infringed U.S. Patent Nos. RE 36,978; RE 42,091; 8,102,331; and 8,462,103;

      B.     A permanent injunction enjoining Humanscale and its respective officers, agents, servants, employees and attorneys, and those acting in active concert or participation with them, from further infringement of U.S. Patent Nos. RE 36,978; RE 42,091; 8,102,331; and 8,462,103;

      C.     An award of the damages arising out of Humanscale's infringement of U.S. Patent Nos. RE 36,978; RE 42,091; 8,102,331; and 8,462,103;

      D.     A finding that Humanscale's infringement was willful and an award of treble damages pursuant to 35 U.S.C. § 284.

      E.     A finding that this case is an exceptional case and an award of attorney fees pursuant to 35 U.S.C. § 285 and/or as otherwise permitted by law;

      F.     An award of pre-judgment and post-judgment interest in amounts according to proof;

      G.     Costs of Court; and

      H.     For such other relief as the Court may deem as just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, MASS respectfully requests a trial by jury of all issues so triable.


Dated: August 8, 2013                    Respectfully Submitted,

    /s/ Theodore A. Breiner
Theodore A. Breiner (VA Bar No. 20531)
BREINER & BREINER, L.L.C.
115 North Henry Street
Alexandria, Virginia 22314-2903
Telephone: 703-684-6885
Facsimile: 703-684-8206
tbreiner@bbpatlaw.com

Attorneys for Defendants Mass Engineered Design Inc. and Jerry Moscovitch

Of Counsel:

John J. Edmonds
Stephen F. Schlather
COLLINS EDMONDS POGORZELSKI
SCHLATHER & TOWER, PLLC
1616 Voss Road, Suite 125
Houston, Texas 77057
Telephone: 713-364-5291
Facsimile: 832-415-2535

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2013, I will electronically file the foregoing MASS ENGINEERED DESIGN INC. AND JERRY MOSCOVITCH'S FIRST AMENDED COUNTERCLAIMS with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Frederic M. Meeker
Christopher Roth
BANNER & WITCOFF LTD. (DC)
1100 13th Street NW, Suite 1200
Washington, DC 20005-4051
fmeeker@bannerwitcoff.com

Adam Roger Steinert
Kurt Niederluecke
FREDRIKSON & BYRON P.A.
200 South Sixth Street, Suite 4000
Minneapolis, Minnesota 55402

Jason Charkow
Scott Richard Samay
WINSTON & STRAWN, LLP
200 Park Avenue
New York, New York 10166
jcharkow@winston.com

    /s/ Theodore A. Breiner
Theodore A. Breiner (VA Bar No. 20531)
BREINER & BREINER, L.L.C.
115 North Henry Street
Alexandria, Virginia 22314-2903
Telephone: 703-684-6885
Facsimile: 703-684-8206
tbreiner@bbpatlaw.com

Attorneys for Defendants
Mass Engineered Design Inc. and
Jerry Moscovitch