**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

|  |  |  |
|---|---|---|
| Humanscale Corporation, | ) | |
| | ) | |
| | ) | Case No. 1:13-cv-535 CMH/IDD |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Mass Engineered Design, Inc., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**ANSWER AND COUNTER-COUNTERCLAIMS TO
DEFENDANTS' FIRST AMENDED COUNTERCLAIMS**

For its Answer to Defendants Mass Engineered Design Inc. and Jerry Moscovitch's

(collectively, "Defendants") First Amended Counterclaims ("Amended Counterclaims"),

Plaintiff Humanscale Corporation ("Humanscale") states and alleges as follows:

1.      Humanscale is without knowledge or information sufficient to form a belief as to

the truth of the allegations of Paragraph 1 of the Amended Counterclaims and therefore denies

those allegations.

2.      Humanscale admits the factual allegations contained in Paragraph 2 of the

Amended Counterclaims.

3.      Humanscale admits the factual allegations contained in Paragraph 3 of the

Amended Counterclaims.

4.      In response to Paragraph 4 of the Amended Counterclaims, Humanscale admits,

upon information and belief, that Defendant Jerry Moscovitch is the named inventor of U.S.

Patent No. Re. 36,978 ("the '978 patent").  Humanscale states that the '978 patent speaks for

itself.  Humanscale is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 4 of the Amended Counterclaims and therefore denies those allegations.

5.      Humanscale admits that it sells or has sold monitor arms under the product names M8 with Crossbar, Para/Flex, M/Flex, M7, and M4.  Humanscale otherwise denies the factual allegations contained in Paragraph 5 of the Amended Counterclaims.

6.      Humanscale denies the factual allegations contained in Paragraph 6 of the Amended Counterclaims.

7.      Humanscale denies the factual allegations contained in Paragraph 7 of the Amended Counterclaims.

8.      Humanscale is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Amended Counterclaims and therefore denies those allegations.

9.      Humanscale denies the factual allegations contained in Paragraph 9 of the Amended Counterclaims.

10.     In response to Paragraph 10 of the Amended Counterclaims, Humanscale admits, upon information and belief, that Defendant Jerry Moscovitch is a named inventor of U.S. Patent No. Re. 42,091 ("the '091 patent").  Humanscale states that the '091 patent speaks for itself. Humanscale is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 10 of the Amended Counterclaims and therefore denies those allegations.

11.     Humanscale admits that it sells or has sold monitor arms under the product names M/Flex and M7.  Humanscale otherwise denies the factual allegations contained in Paragraph 11 of the Amended Counterclaims.

12.     Humanscale denies the factual allegations contained in Paragraph 12 of the Amended Counterclaims.

13.     Humanscale denies the factual allegations contained in Paragraph 13 of the Amended Counterclaims.

14.     Humanscale denies the factual allegations contained in Paragraph 14 of the Amended Counterclaims.

15.     In response to Paragraph 15 of the Amended Counterclaims, Humanscale admits, upon information and belief, that Defendant Jerry Moscovitch is the named inventor of U.S. Patent No. 8,102,331 ("the '331 patent").  Humanscale states that the '331 patent speaks for itself.  Humanscale is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 15 of the Amended Counterclaims and therefore denies those allegations.

16.     Humanscale admits that it sells or has sold monitor arms under the product name Para/Flex.  Humanscale otherwise denies the factual allegations contained in Paragraph 16 of the Amended Counterclaims.

17.     Humanscale denies the factual allegations contained in Paragraph 17 of the Amended Counterclaims.

18.     Humanscale denies the factual allegations contained in Paragraph 18 of the Amended Counterclaims.

19.     Humanscale denies the factual allegations contained in Paragraph 19 of the Amended Counterclaims.

20.     In response to Paragraph 20 of the Amended Counterclaims, Humanscale admits, upon information and belief, that Defendant Jerry Moscovitch is a named inventor of U.S. Patent No. 8,462,103 ("the '103 patent").  Humanscale states that the '103 patent speaks for itself. Humanscale is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 20 of the Amended Counterclaims and therefore denies those allegations.

21.     Humanscale admits that it sells or has sold monitor arms under the product names M/Flex, M7, and M4.  Humanscale otherwise denies the factual allegations contained in Paragraph 21 of the Amended Counterclaims.

22.     Humanscale denies the factual allegations contained in Paragraph 22 of the Amended Counterclaims.

23.     Humanscale denies the factual allegations contained in Paragraph 23 of the Amended Counterclaims.

24.     Humanscale denies the factual allegations contained in Paragraph 24 of the Amended Counterclaims.

Humanscale denies that Defendants are entitled to any relief, including that prayed for, in connection with the Amended Counterclaims.  To the extent that any allegations of the Amended Counterclaims have not been previously specifically admitted or denied, Humanscale denies them.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof which would otherwise reside with Defendants, Humanscale asserts the following defenses, reserving the right to modify, amend, and/or expand upon these as discovery proceeds.

FIRST AFFIRMATIVE DEFENSE:

1.       Humanscale does not and has not directly or indirectly infringed any claim of the '978 patent, either literally or under the doctrine of equivalents.

SECOND AFFIRMATIVE DEFENSE:

2.       Each claim of the '978 patent is invalid for failing to comply with the conditions and requirements for patentability set forth in one or more sections of Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 102 ,103, 112 and/or 251.

THIRD AFFIRMATIVE DEFENSE:

3.       The claims of the '978 patent are unenforceable due to inequitable conduct and/or fraud on the Patent Office.  During the prosecution of the application that resulted in U.S. Patent No. 5,687,939 ("the '158 application"), the named inventor and his patent attorneys, individually or together, knew prior to the filing of the '158 application of material information which a reasonably competent patent examiner would have considered relevant to the question of patentability of one or more claims of the '978 reissue patent and intentionally and deceptively withheld such information from the patent examiner in violation of the acknowledged duty of candor and good faith to the Patent Office.

4.       Specifically, in a declaration filed in the application that resulted in the issuance of the '978 patent, Mr. Moscovitch acknowledged that he and his attorney were aware of certain material prior art prior to the filing of both the '158 application and the application that resulted

in '978 patent ("the '193 application").  Mr. Moscovitch did not provide this art to the patent examiner during the prosecution of the '158 application, nor did he do so in connection with the '193 application.

5.      Mr. Moscovitch and/or his patent attorneys intentionally and deceptively withheld the prior art referred to by Mr. Moscovitch in his declaration from the patent examiner in each application in violation of the duty of candor and good faith, including but not limited to the following prior art.

6.      On information and belief, Mr. Moscovitch and/or his attorneys failed to disclose or provide to the Patent Office the EDI Industries, Ltd., Electrohome Electronics ("Electrohome"), and Bloomberg L.P. ("Bloomberg") prior art public uses, publications, offers for sale and sales of the LCD Dual Monitor Assembly, also known as the Bloomberg Terminal.

7.      On information and belief, Defendants had manufactured, offered for sale and sold to Electrohome and/or Bloomberg between 1993 and April 25, 1995, dual display systems incorporating the invention claimed in the '978 patent, knowing Bloomberg intended to publish, use and sell these systems to its customers in the United States and elsewhere.

8.      In an effort to deceive the Patent Office, neither Mr. Moscovitch nor his attorneys disclosed to the Patent Office these prior art public uses, publications, offers for sale and sales of the LCD Dual Monitor Assembly.

9.      On information and belief, Mr. Moscovitch did not himself solely invent the subject matter claimed in the '978 patent; rather others including but not limited to Bloomberg, Sean Roarty, and Michael Bloomberg invented in part or in whole the subject matter claimed and disclosed such inventions to Mr. Moscovitch.

10.     Notwithstanding Mr. Moscovitch's knowledge that he did not invent all of the claimed subject matter, Mr. Moscovitch declared with deceptive intent to the Patent Office on or about October 1, 1998, that he was the original and sole inventor of the invention claimed in the '939 patent and for which he sought issuance of '978 patent claims 16 and 17.

### FOURTH AFFIRMATIVE DEFENSE:

11.     Humanscale does not and has not directly or indirectly infringed any claim of the '091 patent, either literally or under the doctrine of equivalents.

### FIFTH AFFIRMATIVE DEFENSE:

12.     Each claim of the '091 patent is invalid for failing to comply with the conditions and requirements for patentability set forth in one or more sections of Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 102 ,103, 112.

### SIXTH AFFIRMATIVE DEFENSE:

13.     Humanscale does not and has not directly or indirectly infringed any claim of the '331 patent, either literally or under the doctrine of equivalents.

### SEVENTH AFFIRMATIVE DEFENSE:

14.     Each claim of the '331 patent is invalid for failing to comply with the conditions and requirements for patentability set forth in one or more sections of Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 102 ,103, 112.

### EIGHTH AFFIRMATIVE DEFENSE:

15.     Humanscale does not and has not directly or indirectly infringed any claim of the '103 patent, either literally or under the doctrine of equivalents.

NINTH AFFIRMATIVE DEFENSE:

16.     Each claim of the '103 patent is invalid for failing to comply with the conditions

and requirements for patentability set forth in one or more sections of Title 35 of the United

States Code, including, but not limited to 35 U.S.C. §§ 102 ,103, 112.

TENTH AFFIRMATIVE DEFENSE:

17.     Humanscale reserves all defenses under the Federal Rules of Civil Procedure, the

Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist

or in the future be available based on discovery and further factual investigation in this case.

**COUNTER-COUNTERCLAIMS**

Without assuming the burden of proof which would otherwise reside with Defendants,

Humanscale asserts the following counter-counterclaims, reserving the right to modify, amend,

and/or expand upon these as discovery proceeds.

PARTIES:

1.     Humanscale is a corporation organized and existing under the laws of the State of

New York, with its principal executive offices at 11 East 26th Street 8th Floor, New York, New

York 10010.

2.     Upon information and belief, Mass Engineered Design, Inc. is a corporation

organized and existing under the laws of Ontario, Canada.

3.     Upon information and belief, Jerry Moscovitch is a resident of Ontario, Canada.

JURISDICTION:

4.     This Court has jurisdiction over these counterclaims under at least 28 U.S.C. §§

1331, 1332(a), 1338(a), 1367, the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.,

and 35 U.S.C. § 293.

## FIRST COUNTER-COUNTERCLAIM
### DECLARATION OF NON-INFRINGEMENT OF THE '091 PATENT:

5.     Humanscale re-alleges and incorporates the foregoing paragraphs by reference.

6.     Based on Defendants' Amended Counterclaims and Humanscale's Affirmative Defenses, an actual controversy has arisen between the parties as to whether any of Humanscale's products, services, or activities infringe any valid claim of the '091 patent.

7.     Humanscale's manufacture, offer for sale, and sale of its products do not infringe the '091 patent, either directly or indirectly.

8.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Humanscale requests a declaration from the Court that Humanscale does not infringe any claim of the '091 patent, either directly or indirectly.

## SECOND COUNTER-COUNTERCLAIM
### DECLARATION OF NON-INFRINGEMENT OF THE '331 PATENT:

9.     Humanscale re-alleges and incorporates the foregoing paragraphs by reference.

10.     Based on Defendants' Amended Counterclaims and Humanscale's Affirmative Defenses, an actual controversy has arisen between the parties as to whether any of Humanscale's products, services, or activities infringe any valid claim of the '331 patent.

11.     Humanscale's manufacture, offer for sale, and sale of its products do not infringe the '331 patent, either directly or indirectly.

12.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Humanscale requests a declaration from the Court that Humanscale does not infringe any claim of the '331 patent, either directly or indirectly.

## THIRD COUNTER-COUNTERCLAIM
### DECLARATION OF NON-INFRINGEMENT OF THE '103 PATENT:

13.     Humanscale re-alleges and incorporates the foregoing paragraphs by reference.

14.     Based on Defendants' Amended Counterclaims and Humanscale's Affirmative Defenses, an actual controversy has arisen between the parties as to whether any of Humanscale's products, services, or activities infringe any valid claim of the '103 patent.

15.     Humanscale's manufacture, offer for sale, and sale of its products do not infringe the '103 patent, either directly or indirectly.

16.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Humanscale requests a declaration from the Court that Humanscale does not infringe any claim of the '103 patent, either directly or indirectly.

PRAYER FOR RELIEF

WHEREFORE, Humanscale prays that this Court enter judgment in its favor and grant the following relief:

A.     A declaration that Humanscale has not directly or indirectly infringed any valid claim of the '091 patent;

B.     A declaration that Humanscale has not directly or indirectly infringed any valid claim of the '331 patent;

C.     A declaration that Humanscale has not directly or indirectly infringed any valid claim of the '103 patent;

D.     A declaration that this case is exceptional in favor of Humanscale under 35 U.S.C. § 285 and an award to Humanscale of its reasonable attorney fees, costs, and other expenses incurred in connection with this action under other applicable law;

E.     A grant to Humanscale of pre-judgment and post-judgment interest on all awards made; and

      F.      An award to Humanscale of such further relief as the Court may deem

appropriate.

DEMAND FOR JURY TRIAL

      Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Humanscale respectfully

requests a trial by jury of all issues so triable.

Respectfully submitted,

Dated:  August 26, 2013

       /s/ Frederic M. Meeker
Frederic M. Meeker (VA Bar #34471)
Christopher B. Roth (VA Bar # 44499)
**BANNER & WITCOFF, LTD.**
1100 13th Street, N.W., Suite 1200
Washington, DC 20005-4051
Telephone: (202) 824-3000
Facsimile: (202) 824-3001
fmeeker@bannerwitcoff.com
croth@bannerwitcoff.com

Kurt J. Niederluecke (admitted *pro hac vice*)
Adam R. Steinert (admitted *pro hac vice*)
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN  55402-1425
Telephone:  612.492.7000
Facsimile:  612.492.7077
kniederluecke@fredlaw.com
asteinert@fredlaw.com

***Attorneys for Plaintiff Humanscale Corporation***

- 11 -

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2013, I will ELECTRONICALLY FILE the foregoing ANSWER AND COUNTER-COUNTERCLAIMS TO DEFENDANTS' FIRST AMENDED COUNTERCLAIMS with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Theodore A. Breiner
**BREINER & BREINER, L.L.C.**
115 North Henry Street
Alexandria, Virginia 22314-2903
tbreiner@bbpatlaw.com

John J. Edmonds
Stephen F. Schlather
**COLLINS EDMONDS POGORZELSKI
SCHLATHER & TOWER, PLLC**
1616 Voss Road, Suite 125
Houston, Texas 77057
jedmonds@cepiplaw.com
sschlather@cepiplaw.com

        /s/ Frederic M. Meeker
Frederic M. Meeker (VA Bar #34471)
**BANNER & WITCOFF, LTD.**
1100 13th Street, N.W., Suite 1200
Washington, DC 20005-4051
Telephone: (202) 824-3000
Facsimile: (202) 824-3001
fmeeker@bannerwitcoff.com

Attorney for Plaintiff Humanscale Corporation